UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

TROY SIDDONS, TERRENCE PAYNE, PETER SPRAUVE, QUINCY PALMER, JOSEPH JOHNSON, CLARENCE WOODWARD, JR. RAMEL ROBINSON, ELLIS WILSON, BERNABE LOPEZ, RASHAUN ROWE, JAMEL EDMONDS, ROBERT WOOTEN, TYSEAN SAIGO, ANTHONY MATTHEWS, REGINALD DUPREE, MICHAEL WILLIAMS, ADHM HAMMOURI, DESHAUN GREGORY, ANDRE POUNALL, DUWAIN BOYCE, DURRELL WILLIAMS, JOHN AMUSO AND MERSIM KLOBUCISTA,

Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, THE NEW YORK CITY DEPARTMENT OF HEALTH, RIKERS ISLAND CORRECTIONAL FACILITY, ANNA M. KROSS CENTER (AMKC), NEW YORK CITY DEPARTMENT OF CORRECTIONS COMMISSIONER JOSEPH PONTE, NEW YORK CITY DEPARTMENT OF CORRECTIONS ASSISTANT COMMISSIONER PATRICIA FEENEY, AMKC MEDICAL CLINIC/FACILITY, WEST MEDICAL CLINIC/FACILITY, CORIZON HEALTH INCORPORATED, DOCTOR YUNGDO PARK, Individually and in his official capacityasemployee/agent/servant/doctor/physician/licensee/con tractor/Medical Director of Corizon Health Incorporated, of the New York City Department of Health of the New York City Department of Corrections, of Rikers Island Correctional Facility, of AMKC and/or of AMKC Medical Clinic/Facility, DOCTOR JOON B. PARK, Individually and in his official capacity as employee/agent/servant/doctor/physician/licensee/ contractor of Corizon Health Incorporated, of the New York City Department of Health, of the New York City Department of Corrections, of Rikers Island Correctional Facility, of AMKC and/or of AMKC Medical Clinic/Facility, NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER FRANCIS THOMAS, SHIELD/TAX ID# 15943, Individually and in her official capacity as an employee, agent, servant, licensee, contractor, kitchen pantry officer, correction officer, kitchen pantry correction officer of the City of New York, the New York City Department of Corrections, of Rikers Island Correctional Facility and of AMKC facility, NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER CAPTAIN

Docket No.:
15CV1198(RRM)(VVP)

**AMENDED COMPLAINT AND JURY DEMAND**

RICKY JOGIE, SHIELD/TAX ID# 817, Individually and in his official capacity as an employee, agent, servant, licensee, contractor, officer, correction officer, Captain of the City of New York, the New York City Department of Corrections, of Rikers Island Correctional Facility and of AMKC facility, NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER ASSISTANT DEPUTY WARDEN SHERMA DUNBAR, SHIELD/TAX ID#1041, Individually and in his/her official capacity as employee, agent, servant, licensee, contractor, correction officer, Assistant Deputy Warden of the New York City Department of Corrections, of Rikers Island Correctional Facility and/or of AMKC facility, NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER "JOHN" CAMPBELL, first name being fictitious and known to the New York City Department of Corrections/Rikers Island/AMKC, intended to be the New York City Department of Corrections Officer for the Plaintiffs' housing area in/at AMKC on duty/post in/at Plaintiffs' housing area who assisted in serving and/or served the food in question to Plaintiffs on March 3, 2015, Individually and in his official capacity as an employee, agent, servant, licensee, contractor, correction officer, officer of the New York City Department of Corrections, of Rikers Island Correctional Facility and/or of AMKC facility, NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER CAPTAIN "JANE" BOWEN, first name being fictitious and known to the New York City Department of Corrections/Rikers Island/AMKC intended to be the New York City Department of Corrections Captain/Correction Officer for Plaintiffs' housing area/AMKC/AMKC Medical Clinic/Facility who denied, delayed, prevented, obstructed and/or failed to provide proper/adequate/timely medical aid/assistance/treatment/care to Plaintiffs, Individually and in her official capacity as an employee, agent, servant, licensee, contractor, correction officer, officer, Captain of the New York City Department of Corrections, of Rikers Island Correctional Facility and/or of AMKC facility, NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER CAPTAIN TIMOTHY JOHNSON, SHIELD/TAX ID#1065, Individually and in his official capacity as an employee, agent, servant, licensee, contractor, correction officer, officer, Captain of the New York City Department of Corrections, of Rikers Island Correctional Facility and/or of AMKC facility, NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER "JANE" WILSON, first name being fictitious and known to the New York City Department of Corrections/Rikers Island/AMKC intended to be the New York City Department of Corrections Correction Officer for

Plaintiffs' housing area/AMKC/AMKC Medical Clinic/Facility who denied, delayed, prevented, obstructed and/or failed to provide proper/adequate/timely medical aid/assistance/treatment/care to Plaintiffs, Individually and in her official capacity as an employee, agent, servant, licensee, contractor, correction officer, officer of the New York City Department of Corrections, of Rikers Island Correctional Facility and/or of AMKC facility, NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER LINCOLN HANSON, SHIELD/TAX ID#13102, Individually and in his official capacity as an employee, agent, servant, licensee, contractor, correction officer, officer of the New York City Department of Corrections, of Rikers Island Correctional Facility and/or of AMKC facility, NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER "JOHN" HENESEN A/K/A "HENSEN", first name being fictitious and known to the New York City Department of Corrections/Rikers Island/AMKC intended to be the New York City Department of Corrections Correction Officer for Plaintiffs' housing area/AMKC/AMKC Medical Clinic/Facility who denied, delayed, prevented, obstructed and/or failed to provide proper/adequate/timely medical aid/assistance/treatment/care to Plaintiffs in furtherance of which he pepper sprayed Plaintiff Andre Pounall, Individually and in his official capacity as an employee, agent, servant, licensee, contractor, correction officer, officer of the New York City Department of Corrections, of Rikers Island Correctional Facility and/or of AMKC facility, and "JOHN " AND "JANE DOES", names being fictitious intended to be employees, agents, servants, licensees, contractors, doctors, nurses, physicians, medical staff, medical personnel, medical assistants, officers, correction officers of the City of New York, of the New York City Department of Corrections, of Rikers Island Correctional Facility, of AMKC, of AMKC Medical Clinic/Facility, of the New York City Department of Health and/or of Corizon Health Incorporated,

Defendants.

----------------------------------------------------------------------X

Plaintiffs, TROY SIDDONS, TERRENCE PAYNE, PETER SPRAUVE, QUINCY PALMER, JOSEPH JOHNSON, CLARENCE WOODWARD JR., RAMEL ROBINSON, ELLIS WILSON, BERNABE LOPEZ, RASHAUN ROWE, JAMEL EDWARDS, ROBERT WOOTEN, TYSEAN SIAGO, ANTHONY MATTHEWS, REGINALD DUPREE, MICHAEL

WILLIAMS, ADHM HAMMOURI, DESHAUN GREGORY, ANDRE POUNALL, DUWAIN BOYCE, DURRELL WILLIAMS and MERSIM KLOBUCISTA by and through their attorneys, DRUMMOND & SQUILLACE, PLLC, state, upon information and belief, as follows:

### INTRODUCTION

1.  This is an action by Plaintiffs, who at all times herein mentioned were in/under the exclusive care, custody and control of the Defendants as they were/are inmates with/in the New York City Department of Corrections/Rikers Island Correctional Facility/AMKC facility, seeking compensation and damages pursuant to 42 U.S.C. §§ 1983, 1986, 1988; the Fourth Amendment; the Eighth Amendment, the Fourteenth Amendment; as well as for assault; battery; false imprisonment; failure to provide/render medical care/treatment to Plaintiffs; failure to timely provide medical care/treatment to Plaintiffs; failure to provide proper and/or adequate medical care/treatment to Plaintiffs; cruel and unusual punishment; unlawful seizure of the Plaintiffs' persons; reckless disregard for the Plaintiffs' life, safety, health and well being; deliberate indifference to the life, safety, health and well being of the Plaintiffs; negligence; gross negligence; recklessness; negligent hiring; negligent training; negligent supervision; negligent retention; negligent management; intentional infliction of emotional distress; negligent infliction of emotional distress; failure to intercede; neglect to act; failure to stop; failure to prevent; negligent control; *respondeat superior*; vicarious liability and punitive damages for the negligent, intentional, malicious, reckless, wanton, and deliberate acts, conduct, omissions and failure to act by the Defendants against the Plaintiffs herein from which, as a direct and proximate result of the foregoing, the Plaintiffs' food which was ordered, received, prepared, made, distributed and handed out by Defendants to Plaintiffs for Plaintiffs to consume on March 3, 2015, which Plaintiffs did in fact consume and ingest on same date, contained and/or was caused to contain a foreign substance, to wit: Brodifacoum—commonly known as and referred to

as rat poison, rodentcide, and/or an anticoagulant poison which is commonly marketed under a large variety of trade names including but not limited to: Pestoff, Ratak+, Rodend, Mouser Rodenthor and Ratsak—which, in turn, directly and proximately caused Plaintiffs to sustain and suffer serious personal, physical and emotional/psychological injuries and damages including, but not limited to: nausea, vomiting, vomiting blood, coughing up blood, diarrhea, diarrhea with blood, stomach pains, chest pains, difficulty bleeding, headaches, pains to the head, pain, dizziness, light-headedness, gastrointestinal/digestive problems/complications, dehydration, nose bleeds, internal stomach bleeding, stomach cramps, fatigue, sweating, spitting up blood, foaming of the mouth, fever/feeling of body being hot, fainting, breathing heavily, fear of death, fear of life-threatening injuries, emotional distress, mental anguish, pain and suffering, shock, fear, anxiety, passing gas, dry heaving, migraines, low blood count and related damages and injuries herein. This action also seeks to recover punitive damages against the Defendants herein.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the within action pursuant to 28 U.S.C. §1343, federal question jurisdiction. This action is brought pursuant to 42 U.S.C. Sections 1983, 1986 and 1988, the Fourth and Eighth and Fourteenth Amendments to the United States Constitution, and, the Constitution and the laws of the State of New York. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(1-4) and 2202. Plaintiffs further invokes the supplemental jurisdiction of this Court to adjudicate the within pendent state law claims pursuant to 28 U.S.C. Section 1367.

3.      Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. §1391.

## NOTICE OF CLAIM

4.    Plaintiffs, in furtherance of their state causes of action, timely filed a Notice of Claim against the City of New York in compliance with General Municipal Law Section 50.

5.    That, at present time, the City of New York has failed to pay or adjust the claim and has failed to conduct a hearing of Plaintiffs pursuant to General Municipal Law Section 50; thereby waiving same.

6.    This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

## THE PARTIES

7.    That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, TROY SIDDONS was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center ("AMKC"), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain "John" Johnson, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City

Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

8.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, TERRENCE PAYNE, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC, the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID#1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread,

vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

9.      That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, PETER SPRAUVE, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax ID#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID#1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

10.      That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, QUINCY PALMER, was an inmate in the exclusive care, custody and

control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

11.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, JOSPEH JOHNSON, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical

Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

      12.      That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, CLARENCE WOODWARD, JR., was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer

Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

13.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, RAMEL ROBINSON, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln

Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

14.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, ELLIS WILSON, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread,

vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

15.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, BERNABE LOPEZ, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

16.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, RASHAUN ROWE, was an inmate in the exclusive care, custody and

control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

17. That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, JAMEL EDMONDS, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical

Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

18.    That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, ROBERT WOOTEN, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant

Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

19. That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, TYSEAN SAIGO, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln

Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

20.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, ANTHONY MATTHEWS, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread,

vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

21.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, REGINALD DUPREE, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

22.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, MICHAEL WILLIAMS, was an inmate in the exclusive care, custody and

control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

23.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, ADHM HAMMOURI, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical

Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

24.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, DESHAUN GREGORY, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant

Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

25.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, ANDRE POUNALL, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln

Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

26.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, DUWAIN BOYCE, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread,

vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

27.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, DURRELL WILLIAMS, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

28.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, JOHN AMUSO, was an inmate in the exclusive care, custody and control

of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

29.     That on or about March 3, 2015, and continuing, and all relevant times herein mentioned, Plaintiff, MERSIM KLOBUCISTA, was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical

Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, on or about March 3, 2015, while placed on lockdown by Defendants, was served by Defendants food/lunch/meal consisting of meatloaf, bread, vegetables, corn, cabbage and juice that contained green/blue/greenish-blue pellets which, after Plaintiff consumed and ingested same, caused Plaintiff to become seriously ill.

29.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, the Defendant the CITY OF NEW YORK was and is a municipal corporation existing by and under the laws of the State of New York.

30.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, the Defendant the CITY OF NEW YORK was and is a governmental subdivision of the State of New York.

31.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, the Defendant the CITY OF NEW YORK (hereinafter "Defendant City"), is the public employer, supervisor, manager, parent agency, governing municipality and/or affiliate agency/municipality of the Defendants the New York City Department of Corrections, Rikers

Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does".

    32.    That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant, the NEW YORK CITY DEPARTMENT OF CORRECTIONS (hereinafter "Defendant DOC") is an agency, subdivision, subsidiary and/or affiliate of Defendant the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York and is the employer, supervisor, manager, affiliate, parent agency and/or agency of Defendants Rikers Island Correctional Facility, New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City

Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does".

33.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant RIKERS ISLAND CORRECTIONAL FACILITY, (hereinafter "Defendant Rikers"), is an agency of Defendants the City of New York and the New York City Department of Corrections, existing and operating by virtue of the laws of the State of New York and the City of New York and is the employer, supervisor, manager, affiliate, parent agency and/or agency of Defendants New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy

Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does".

     34.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant ANNA M. KROSS CENTER (hereinafter "Defendant AMKC") is an agency of Defendants the City of New York, the New York City Department of Corrections and Rikers Island Correctional Facility, existing and operating by virtue of the laws of the State of New York and the City of New York and is the employer, supervisor, manager, affiliate, subsidiary, parent agency and/or agency of Defendants New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does".

35.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant AMKC MEDICAL CLINIC/MEDICAL FACILITY (hereinafter "AMKC Medical"), is an agency, subdivision, subsidiary, affiliate and/or department of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility and/or AMKC Facility, existing and operating by virtue of the laws of the State of New York and the City of New York, and is the employer, supervisor, manager, affiliate, subsidiary, department, parent agency and/or agency of Defendants New York City Department of Corrections Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner Patricia Feeney, the AMKC Medical Clinic/Facility, West Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does".

36.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant WEST MEDICAL CLINIC/MEDICAL FACILITY (hereinafter "Defendant West Medical"), is an agency, subdivision, subsidiary, affiliate and/or department of Defendants the City of New York, the New York City Department of Corrections, Rikers Island

Correctional Facility, AMKC Facility and/or AMKC Medical Clinic/Medical Facility, existing

and operating by virtue of the laws of the State of New York and the City of New York, and is

the employer, supervisor, manager, affiliate, subsidiary, department, parent agency and/or

agency of Defendants New York City Department of Corrections Commissioner Joseph Ponte,

New York City Department of Corrections Assistant Commissioner Patricia Feeney, the New

York City Department of Health, Corizon Health Incorporated, Doctor Yungdo Park, Doctor

Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax

Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax

Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma

Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John"

Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York

City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New

York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York

City Department Of Corrections Officer "Jane" Wilson, New York City Department Of

Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does".

     37.    That on or about March 3, 2015, and continuing, and at all relevant times herein

mentioned, Defendant, the NEW YORK CITY DEPARTMENT OF HEALTH (hereinafter

"Defendant NYCDOH"), is an agency, subdivision, subsidiary and/or affiliate of Defendants the

City of New York, the New York City Department of Corrections, Rikers Island Correctional

Facility, Corizon Health Incorporated, AMKC Facility, AMKC Medical Clinic/Medical Facility

and/or West Medical Clinic/Medical Facility, existing and operating by virtue of the laws of the

State of New York and the City of New York and is the employer, supervisor, manager, affiliate,

parent agency and/or agency of Defendants New York City Department of Corrections

Commissioner Joseph Ponte, New York City Department of Corrections Assistant Commissioner

Patricia Feeney, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does" and, upon information and belief, is responsible for the hiring, retaining, training, supervising, monitoring, overseeing, governing, disciplining and firing of the medical doctors, medical nurses, medical staff, medical personnel and/or medical employees employed at/with the City of New York, the New York City Department of Corrections, Rikers Island, AMKC, AMKC Medical Facility, West Medical Facility including, but not limited to Defendants Corizon Health Incorporated, Director Park and Doctor Park herein and, as such, is further responsible for the providing, management, supervision, maintenance and control of timely, adequate and proper medical care to inmates in the exclusive custody, care and control of the New York City Department of Corrections including to Plaintiffs herein.

     38.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS COMMISSIONER JOSEPH PONTE (hereinafter "Defendant Ponte"), is an employee, agent, servant, licensee, contractor, officer, correction officer, Commissioner of Corrections, supervisor, manager, governing agent for/of Defendants the City, DOC, Rikers, Corizon Health Incorporated, AMKC, AMKC Medical, West Medical and is the employer, supervisor, manager,

governing agent, Commissioner of/for Defendants DOC, New York City Department of Corrections Assistant Commissioner Patricia Feeney, Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does".

39.     That for all relevant times herein mentioned, including on or about March 3, 2015 and continuing, Defendant Ponte is being sued herein Individually and in his Official Capacity as Commissioner of the New York City Department of Corrections.

40.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Ponte acted and/or failed to act within the scope of his employment, acted under the color of law and acted in concert with the other named Defendants herein.

41.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS ASSISTANT COMMISSIONER PATRICIA FEENEY (hereinafter "Defendant Feeney"), is an employee, agent, servant, licensee, contractor, officer, correction officer, Assistant Commissioner of Corrections, supervisor, manager, governing agent for/of Defendants the City, DOC, Ponte, Rikers, AMKC, Corizon Health Incorporated, AMKC Medical, West Medical, and is the employer, supervisor, manager, governing agent, Assistant Commissioner of/for Defendants

Doctor Yungdo Park, Doctor Joon B. Park, New York City Department Of Corrections Officer Francis Thomas, Shield/Tax Id# 15943, New York City Department Of Corrections Officer Captain Ricky Jogie, Shield/Tax Id# 817, New York City Department Of Corrections Officer Assistant Deputy Warden Sherma Dunbar, Shield/Tax Id#1041, New York City Department Of Corrections Officer "John" Campbell, New York City Department Of Corrections Officer Captain "Jane" Bowen, New York City Department Of Corrections Officer Captain Timothy Johnson, Shield/Tax ID# 1065, New York City Department of Corrections Officer Lincoln Hanson Shield/Tax Id#13102, New York City Department Of Corrections Officer "Jane" Wilson, New York City Department Of Corrections Officer "John" Henesen A/K/A "Hensen", and, "John " and "Jane Does".

42.     That for all relevant times herein mentioned, including on or about March 3, 2015 and continuing, Defendant Feeney is being sued herein Individually and in her Official Capacity as Assistant Commissioner of the New York City Department of Corrections.

43.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Feeney acted and/or failed to act within the scope of her employment, acted under the color of law and acted in concert with the other named Defendants herein.

44.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant CORIZON HEALTH INCORPORATED (hereinafter "Defendant Corizon"), is a domestic entity, business, company and/or corporation existing by and under and/or operating under the laws of the State of New York.

45.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Corizon is a foreign entity, business, company and/or corporation existing by and under and/or operating under the laws of the State of New York.

46.    That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Corizon is an agent, affiliate, subsidiary, subdivision, department, agency, independent contractor, contractor, health care/services agent, health care/services provider, medical provider, medical care/services provider, medical staffing provider, medical personnel provider, employee, servant and/or licensee of Defendants the City, NYCDOH, DOC, Rikers, Ponte, Feeney, AMKC, AMKC Medical, West Medical and is the employer, supervisor, manager, staffing agent, staffing provider of Defendants Doctor Yungdo Park and Doctor Joon B. Park and of the other doctors, physicians, nurses, assistants, medical staff, medical personnel, medical providers of/at/for Defendants the City, NYCDOH, DOC, Rikers, Ponte, Feeney, AMKC, AMKC Medical and/or West Medical.

47.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant DOCTOR YUNGDO PARK (hereinafter "Defendant Director Park") is an employee, agent, servant, licensee, contractor, independent contractor of/for Defendants City, NYCDOH, DOC, Rikers, Ponte, Feeney, AMKC, AMKC Medical and/or Corizon Health Incorporated.

48.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Director Park, as the employee, agent, servant, licensee, contractor, independent contractor of/for Defendants the City, NYCDOH, DOC, Rikers, Ponte, Feeney, AMKC, AMKC Medical and/or Corizon Health Incorporated, was assigned to and/or employed as the Medical Director/Doctor of the AMKC Medical Clinic/Medical Facility and, as such, was responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC Medical Clinic/Medical Facility and its staff, personnel, employees, physicians, doctors, nurses and assistant and was otherwise responsible to properly, timely and adequately treat sick/ill inmates including the Plaintiffs named herein, and, to ensure that inmates

like the Plaintiffs named herein receive the proper, adequate and timely medical care, treatment and attention necessary and required in order to ensure the life, safety, health and well being of said inmates so as to properly and timely treat said inmates for the medical conditions, symptoms and ailments that they present/complain of.

49.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Director Park, as the employee, agent, servant, licensee, contractor, independent contractor, Medical Director and/or Doctor of/for Defendants the City, NYCDOH, DOC, Rikers, Ponte, Feeney, AMKC, AMKC Medical and/or Corizon Health Incorporated, was under a duty not to obstruct, hinder, prevent, deny, refuse to provide and/or fail to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention and/or was otherwise under a duty not to place Plaintiffs' lives, safety and health in danger, not to act with reckless disregard for Plaintiffs' lives, safety and health and not to act with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury.

50.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Director Park, despite owing these duties to Plaintiffs, obstructed, hindered, prevented, denied, refused to provide and/or failed to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention and/or otherwise placed Plaintiffs' lives, safety and health in danger, acted with reckless disregard for Plaintiffs' lives, safety and health and acted with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury.

51.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Director Park obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs

became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting.

52.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Director Park, as the employee, agent, servant, licensee, contractor, independent contractor, Medical Director and/or Doctor of/for Defendants the City, NYCDOH, DOC, Rikers, Ponte, Feeney, AMKC, AMKC Medical and/or Corizon Health Incorporated, acted and/or failed to act within the scope of his employment, under the color of state law and in concert with the other named Defendants herein.

53.     That for all relevant times herein mentioned, Defendant Director Park is being sued herein Individually and in his Official capacity as employee, agent, servant, licensee, contractor, independent contractor, Doctor and/or Medical Director of/for Defendants the City, NYCDOH, DOC, Rikers, Ponte, Feeney, AMKC, AMKC Medical and/or Corizon Health Incorporated.

54.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant DOCTOR JOON B. PARK (hereinafter "Defendant Park"), is an employee, agent, servant, licensee, contractor, independent contractor of/for Defendants the City, NYCDOH, DOC, Rikers, Ponte, Feeney, AMKC, AMKC Medical, Corizon Health Incorporated and/or Director Park.

55.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Park, as the employee, agent, servant, licensee, contractor, independent contractor of/for Defendants the City, NYCDOH, DOC, Rikers, Ponte, Feeney, AMKC, AMKC Medical, Corizon Health Incorporated and/or Director Park, was assigned to and/or employed as

the Physician/Doctor of/to the AMKC Medical Clinic/Medical Facility and, as such, was responsible to properly, timely and adequately treat sick/ill inmates including the Plaintiffs named herein, and, to ensure that inmates like the Plaintiffs named herein receive the proper, adequate and timely medical care, treatment and attention necessary and required in order to ensure the life, safety, health and well being of said inmates so as to properly and timely treat said inmates for the medical conditions, symptoms and ailments that they present/complain of.

56.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Park, as the employee, agent, servant, licensee, contractor, independent contractor of/for Defendants the City, NYCDOH, DOC, Rikers, Ponte, Feeney, AMKC, AMKC Medical, Corizon Health Incorporated and/or Director Park, was under a duty not to obstruct, hinder, prevent, deny, refuse to provide and/or fail to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention and/or was otherwise under a duty not to place Plaintiffs' lives, safety and health in danger, not to act with reckless disregard for Plaintiffs' lives, safety and health and not to act with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury.

57.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Park, despite owing these duties to Plaintiffs, obstructed, hindered, prevented, denied, refused to provide and/or failed to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention and/or otherwise placed Plaintiffs' lives, safety and health in danger, acted with reckless disregard for Plaintiffs' lives, safety and health and acted with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury.

58.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Park obstructed, hindered, prevented, denied, refused to provide and/or

failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting.

59.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Park, as the employee, agent, servant, licensee, contractor, independent contractor, Medical Director and/or Doctor of/for Defendants the City, NYCDOH, DOC, Rikers, Ponte, Feeney, AMKC, AMKC Medical, Corizon Health Incorporated and/or Director Park, acted and/or failed to act within the scope of his employment, under the color of state law and in concert with the other named Defendants herein.

60.     That for all relevant times herein mentioned, Defendant Park is being sued herein Individually and in his Official capacity as employee, agent, servant, licensee, contractor, independent contractor, Doctor and/or Physician of/for Defendants the City, NYCDOH, DOC, Rikers, Ponte, Feeney, AMKC, AMKC Medical, Corizon Health Incorporated and/or Director Park.

61.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER FRANCIS THOMAS, SHIELD/TAX ID# 15943 (hereinafter "Defendant Thomas"), is an employee, agent, servant, licensee, contractor, independent contractor, officer and/or Corrections Officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain Ricky Jogie, Captain Bowen and/or Captain Timothy Johnson.

62. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Thomas was assigned to and/or employed at/with the Defendants' Kitchen/Kitchen pantry as the AMKC Kitchen Pantry Officer, and, as such, was responsible for the ordering, receiving, opening, checking, monitoring, cooking, preparing, supervising, placing on trays, placing on carts, sealing, plated, distributing, handing out and/or feeding the meals of/to the Defendants' inmates including, but not limited to, the named Plaintiffs herein.

63. That on or about March 3, 2015, and at all relevant times herein mentioned, Defendant Thomas ordered, received, opened, checked, monitored, cooked, prepared, supervised, placed on trays, placed on carts, sealed, plated, distributed, handed out and/or fed to the Plaintiffs, and/or caused same to be ordered, received, opened, checked, monitored, cooked, prepared, supervised, placed on trays, placed on carts, sealed, plated, distributed, handed out and/or fed to the Plaintiffs, while Plaintiffs were on lockdown and not permitted to exit their respective cells, a lunch meal consisting of meatloaf, vegetables, corn, cabbage, bread and/or juice.

64. That on or about March 3, 2015, and at all relevant times herein mentioned, Defendant Thomas ordered, received, opened, checked, monitored, cooked, prepared, supervised, placed on trays, placed on carts, sealed, plated, distributed, handed out and/or fed to the Plaintiffs, while Plaintiffs were on lockdown and not permitted to exit their respective cells, a lunch meal consisting of meatloaf, vegetables, corn, cabbage, bread and/or juice without the aid, assistance or help from or by any of the Plaintiffs herein.

65. That on or about March 3, 2015, and at all relevant times herein mentioned, Defendant Thomas ordered, received, opened, checked, monitored, cooked, prepared, supervised, placed on trays, placed on carts, sealed, plated, distributed, handed out and/or fed to the Plaintiffs, while Plaintiffs were on lockdown and not permitted to exit their respective cells, a

lunch meal consisting of meatloaf, vegetables, corn, cabbage, bread and/or juice with, upon information and belief, two inmates from another housing area/unit (not the Plaintiffs' housing area/unit) to aid, assist and help her with same.

66.     That on or about March 3, 2015, and at all relevant times herein mentioned, Defendant Thomas ordered, received, opened, checked, monitored, cooked, prepared, supervised, placed on trays, placed on carts, sealed, plated, distributed, handed out and/or fed to the Plaintiffs, while Plaintiffs were on lockdown and not permitted to exit their respective cells, a lunch meal consisting of meatloaf, vegetables, corn, cabbage, bread an/or juice which contained green/blue/greenish-blue pellets which Plaintiffs consumed and caused them to become seriously ill.

67.     That on or about March 3, 2015, and at all relevant times herein mentioned, Defendant Thomas, upon formation and belief, in ordering, receiving, opening, checking, monitoring, cooking, preparing, supervising, placing on trays, placing on carts, sealing, plating, distributing, handing out and/or feeding the aforementioned lunch to the Plaintiffs, while Plaintiffs were on lockdown and not permitted to exit their respective cells, caused the aforementioned Plaintiffs' lunch of March 3, 2015 to contain the green/blue/greenish-blue pellets for Plaintiffs to consume which caused Plaintiffs to become seriously ill after consuming same and/or caused same to be fed to Plaintiffs without discovering, detecting and/or noticing same, which, with the exercise of due care/due diligence/reasonable care would have and/or should have discovered/detected/noticed same; without removing same; without discarding same; without replacing said meal for a non-contaminated meal and with giving and feeding same contaminated food/meal to Plaintiffs .

68.     That on or about March 3, 2015, and at all relevant times herein mentioned, Defendant Thomas was under a duty not to place Plaintiffs' lives, safety and health in danger,

not to act with reckless disregard for Plaintiffs' lives, safety and health and not to act with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury. That despite owing these duties to Plaintiffs herein, on or about March 3, 2015, and at all relevant times herein mentioned, Defendant Thomas intentionally and/or negligently placed the green/blue/greenish-blue pellets in Plaintiffs' food, caused same to be placed in same and/or failed to check the Plaintiffs' aforementioned lunch meal thereby allowing and causing same to contain, and to be served for Plaintiffs' consumption while containing, green/blue/greenish-blue pellets which caused Plaintiffs to become seriously ill after consuming same.

69.     That on or about March 3, 2015 and at all relevant times herein mentioned, Defendant Thomas, as the employee, agent, servant, licensee, contractor, independent contractor, officer and/or Corrections Officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain Ricky Jogie, Captain Bowen and/or Captain Timothy Johnson, acted and/or failed to act within the scope of her employment, under the color of state law and in concert with the other named Defendants herein.

70.     That on or about March 3, 2015 and at all relevant times herein mentioned, Defendant Thomas, as the employee, agent, servant, licensee, contractor, independent contractor, officer and/or Corrections Officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain Ricky Jogie, Captain Bowen and/or Captain Timothy Johnson, is being sued herein Individually and in her Official capacity as employee, agent, servant, licensee, contractor, independent contractor, officer and/or Corrections Officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain Ricky Jogie, Captain Bowen and/or Captain Timothy Johnson.

71.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER CAPTAIN RICKY JOGIE, SHIELD/TAX ID#: 817, (hereinafter "Defendant Jogie"), is an employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain Bowen and/or Captain Timothy Johnson.

72.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Jogie was assigned to and/or employed at/with the Defendants' AMKC facility and, as such, and as a New York City Department of Corrections Captain, was responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing are in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses.

73.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Jogie, being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Captain, and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty to protect the life, safety,

health and well being of the Plaintiffs herein including but not limited to being under a duty to ensure that the Plaintiffs receive the proper, timely and adequate medical care, treatment and attention.

74.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Jogie, being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Captain, and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty not to obstruct, hinder, prevent, deny, refuse to provide and/or fail to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention and/or was otherwise under a duty not to place Plaintiffs' lives, safety and health in danger, not to act with reckless disregard for Plaintiffs' lives, safety and health and not to act with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury.

75.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, despite owing these duties to Plaintiffs, Defendant Jogie obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention.

76.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Jogie obstructed, hindered, prevented, denied, refused to provide and/or

failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting.

77. That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Jogie, as the employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain Bowen and/or Captain Timothy Johnson, acted and/or failed to act within the scope of her employment, under the color of state law and in concert with the other named Defendants herein.

78. That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Jogie, as the employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain Bowen and/or Captain Timothy Johnson, is being sued herein Individually and in his Official capacity as employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain Bowen and/or Captain Timothy Johnson.

79. That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER ASSISTANT DEPUTY WARDEN SHERMA DUNBAR, SHIELD/TAX ID#1041, (hereinafter "Defendant Dunbar"), is an employee, agent, servant, licensee, contractor, independent

contractor, officer, corrections officer, Assistant Deputy Warden for/of Defendants the City, DOC, Rikers, AMKC, Ponte and Feeney and, in such official capacity, was assigned to be the Assistant Deputy Warden of/to AMKC housing facility and, as such, was/is the supervisor, managing agent, governing agent of/over Defendants Director Park, Park, Thomas, Jogie, Corrections Officer "John" Campbell, Captain "Jane" Bowen, Captain Timothy Johnson, New Corrections Officer Lincoln Hanson, Corrections Officer "Jane" Wilson and Corrections Officer "John" Henesen a/k/a Hensen.

80. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Dunbar, being assigned to and/or employed at/with the Defendants' AMKC housing facility, and as an Assistant Deputy Warden of AMKC housing facility, was responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses.

81. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Dunbar, being assigned to and/or employed at/with the Defendants' AMKC facility as an Assistant Deputy Warden of said AMKC housing facility, and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical

clinic's staff/personnel/employees/doctors/nurses, was under a duty to protect the life, safety, health and well being of the Plaintiffs herein including, but not limited to, being under a duty to ensure that the Plaintiffs receive the proper, timely and adequate medical care, treatment and attention.

82.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Dunbar, in being assigned to and/or employed at/with the Defendants' AMKC facility as an Assistant Deputy Warden of said AMKC housing facility, and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty not to obstruct, hinder, prevent, deny, refuse to provide and/or fail to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention and/or was otherwise under a duty not to place Plaintiffs' lives, safety and health in danger, not to act with reckless disregard for Plaintiffs' lives, safety and health and not to act with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury.

83.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, despite owing these duties to Plaintiffs, Defendant Dunbar obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention.

84.   That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Dunbar obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting.

85.   That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Dunbar, as the employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Assistant Deputy Warden for/of Defendants the City, DOC, Rikers, AMKC, Ponte, and Feeney, and in being the supervisor of/over Defendants Director Park, Park, Thomas, Jogie, Corrections Officer "John" Campbell, Captain "Jane" Bowen, Captain Timothy Johnson, Corrections Officer Lincoln Hanson, Corrections Officer "Jane" Wilson and Corrections Officer "John" Henesen a/k/a Hensen, acted and/or failed to act within the scope of her employment, under the color of state law and in concert with the other named Defendants herein.

86.   That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Dunbar, as the employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Assistant Deputy Warden for/of Defendants the City, DOC, Rikers, AMKC, Ponte and Feeney, and in being the supervisor of/over Defendants Director Park, Park, Thomas, Jogie, Corrections Officer "John" Campbell, Captain "Jane" Bowen, Captain Timothy Johnson, Corrections Officer Lincoln Hanson, Corrections Officer "Jane" Wilson and Corrections Officer "John" Henesen a/k/a Hensen, is being sued herein

Individually and in his/her Official capacity as employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Assistant Deputy Warden for/of Defendants the City, DOC, Rikers, AMKC, Ponte and Feeney.

87.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER "JOHN" CAMPBELL, (hereinafter "Defendant Campbell"), first name being fictitious and known to the New York City Department of Corrections/Rikers Island/AMKC, intended to be the New York City Department of Corrections Officer for the Plaintiffs' housing area in/at AMKC on duty/post in/at Plaintiffs' housing area in AMKC on March 3, 2015 who assisted in serving and/or served the food/lunch in question to Plaintiffs on March 3, 2015, is an employee, agent, servant, licensee, contractor, independent contractor, officer and/or Corrections Officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Dunbar, Jogie, Captain Bowen and/or Captain Timothy Johnson.

88.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Campbell was assigned to and/or employed at/with the Defendants' AMKC housing facility and, in particular, at/in the housing area in which Plaintiffs are housed within the AMKC housing facility.

89.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, while Defendant Campbell was assigned to and/or employed at/with the Defendants' AMKC housing facility and, in particular, at/in the housing area/housing tier in which Plaintiffs are housed within the AMKC housing facility, at and around noon and/or the time that Defendants served Plaintiffs the lunch meal in question herein, Defendant Campbell assisted and/or participated in receiving said lunch meal from Defendant Thomas and in the handling,

handing out, distributing and serving of the aforementioned lunch meal in question herein to the Plaintiffs.

90.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, while Defendant Campbell was assigned to and/or employed at/with the Defendants' AMKC housing facility and, in particular, at/in the housing area/housing tier in which Plaintiffs are housed within the AMKC housing facility, and while Plaintiffs were on lockdown and not permitted to exit their respective cells, Defendant Campbell assisted and/or participated in receiving said lunch meal from Defendant Thomas and in the handling, handing out, distributing and serving of the aforementioned lunch meal in question herein to the Plaintiffs -- a lunch meal consisting of meatloaf, vegetables, corn, cabbage, bread and juice which contained green/blue/greenish-blue pellets which Plaintiffs consumed and caused them to become seriously ill.

91.     That on or about March 3, 2015, and at all relevant times herein mentioned, Defendant Campbell, upon formation and belief, in assisting and/or participating in receiving said lunch meal from Defendant Thomas and in the handling, handing out, distributing and serving of the aforementioned lunch meal in question herein to the Plaintiffs -- a lunch meal consisting of meatloaf, vegetables, corn, cabbage, bread and juice which contained green/blue/greenish-blue pellets which Plaintiffs consumed and caused them to become seriously ill -- intentionally and/or negligently caused the aforementioned Plaintiffs' lunch of March 3, 2015 to contain the green/blue/greenish-blue pellets for Plaintiffs to consume and/or to be served to Plaintiffs for consumption which Plaintiffs, in fact consumed; thereby causing Plaintiffs to become seriously ill after consuming same.

92.     That on or about March 3, 2015, and at all relevant times herein mentioned, Defendant Campbell was under a duty not to place Plaintiffs' lives, safety and health in danger,

not to act with reckless disregard for Plaintiffs' lives, safety and health and not to act with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury. That despite owing these duties to Plaintiffs herein, on or about March 3, 2015, and at all relevant times herein mentioned, Defendant Campbell intentionally and/or negligently placed the green/blue/greenish-blue pellets in Plaintiffs' food, caused same to be placed in same, caused same to be served to Plaintiffs for consumption which Plaintiffs did, in fact consume, and/or failed to check the Plaintiffs' aforementioned lunch meal prior to same being served to Plaintiffs for consumption; thereby allowing and causing same to contain, and to be served for Plaintiffs' consumption while containing, green/blue/greenish-blue pellets which caused Plaintiffs to become seriously ill after consuming same.

93.    That on or about March 3, 2015, and at all relevant times herein mentioned, Defendant Campbell, as the employee, agent, servant, licensee, contractor, independent contractor, officer and/or Corrections Officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Dunbar, Jogie, Captain Bowen and/or Captain Timothy Johnson, was under a duty to protect the life, safety, health and well being of the Plaintiffs herein including, but not limited to, being under a duty to ensure that the Plaintiffs receive the proper, timely and adequate medical care, treatment and attention.

94.    That on or about March 3, 2015, and at all relevant times herein mentioned, Defendant Campbell was under a duty not to obstruct, hinder, prevent, deny, refuse to provide and/or fail to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention and/or was otherwise under a duty not to place Plaintiffs' lives, safety and health in danger, not to act with reckless disregard for Plaintiffs' lives, safety and health and not to act with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury.

95.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, despite owing these duties to Plaintiffs, Defendant Campbell obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention.

96.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Campbell obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting.

97.     That on or about March 3, 2015 and at all relevant times herein mentioned, Defendant Campbell, as the employee, agent, servant, licensee, contractor, independent contractor, officer and/or Corrections Officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Dunbar, Jogie, Captain Bowen and/or Captain Timothy Johnson, acted and/or failed to act within the scope of her employment, under the color of state law and in concert with the other named Defendants herein.

98.     That on or about March 3, 2015 and at all relevant times herein mentioned, Defendant Campbell, as the employee, agent, servant, licensee, contractor, independent contractor, officer and/or Corrections Officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Dunbar, Jogie, Captain Bowen and/or Captain Timothy Johnson, is being sued herein Individually and in his Official capacity as employee, agent, servant, licensee, contractor,

independent contractor, officer and/or Corrections Officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Dunbar, Jogie, Captain Bowen and/or Captain Timothy Johnson.

99.     That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER CAPTAIN "JANE" BOWEN, first name being fictitious and known to the New York City Department of Corrections/Rikers Island/AMKC intended to be the New York City Department of Corrections Captain/Correction Officer for Plaintiffs' housing area/AMKC/AMKC Medical Clinic/Facility (hereinafter "Defendant Bowen") who denied, delayed, prevented, obstructed and/or failed to provide proper/adequate/timely medical aid/assistance/treatment/care to Plaintiffs, is an employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Dunbar, Jogie and/or Captain Timothy Johnson.

100.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Bowen was assigned to and/or employed at/with the Defendants' AMKC facility and, as such, and as a New York City Department of Corrections Captain/Corrections Officer, was responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing are in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses.

101.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Bowen, being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Captain, and being responsible

for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty to protect the life, safety, health and well being of the Plaintiffs herein including but not limited to being under a duty to ensure that the Plaintiffs receive the proper, timely and adequate medical care, treatment and attention.

102.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Bowen, being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Captain, and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty not to obstruct, hinder, prevent, deny, refuse to provide and/or fail to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention and/or was otherwise under a duty not to place Plaintiffs' lives, safety and health in danger, not to act with reckless disregard for Plaintiffs' lives, safety and health and not to act with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury.

103.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, despite owing these duties to Plaintiffs, Defendant Bowen obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention.

104.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Bowen obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting.

105.    That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Bowen, as the employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, and/or Captain Timothy Johnson, acted and/or failed to act within the scope of her employment, under the color of state law and in concert with the other named Defendants herein.

106.    That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Bowen, as the employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain Bowen and/or Captain Timothy Johnson, is being sued herein Individually and in her Official capacity as employee,

agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar and/or Captain Timothy Johnson.

107.    That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER CAPTAIN TIMOTHY JOHNSON, SHIELD/TAX ID# 1065, (hereinafter "Defendant Johnson"), who denied, delayed, prevented, obstructed and/or failed to provide proper/adequate/timely medical aid/assistance/treatment/care to Plaintiffs, is an employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Dunbar, Jogie and/or Captain "Jane" Bowen.

108.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Johnson was assigned to and/or employed at/with the Defendants' AMKC facility and, as such, and as a New York City Department of Corrections Captain/Corrections Officer, was responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing are in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses.

109.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Johnson, being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Captain, and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or

control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty to protect the life, safety, health and well being of the Plaintiffs herein including but not limited to being under a duty to ensure that the Plaintiffs receive the proper, timely and adequate medical care, treatment and attention.

110.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Johnson, being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Captain, and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty not to obstruct, hinder, prevent, deny, refuse to provide and/or fail to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention and/or was otherwise under a duty not to place Plaintiffs' lives, safety and health in danger, not to act with reckless disregard for Plaintiffs' lives, safety and health and not to act with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury.

111.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, despite owing these duties to Plaintiffs, Defendant Johnson obstructed, hindered,

prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention.

112. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Johnson obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting.

113. That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Johnson as the employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, and/or Captain "Jane" Bowen, acted and/or failed to act within the scope of her employment, under the color of state law and in concert with the other named Defendants herein.

114. That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Johnson, as the employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar and/or Captain "Jane" Bowen, is being sued herein Individually and in his Official capacity as employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of

Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar and/or Captain "Jane" Bowen.

115. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, in furtherance of Defendant Johnson's obstruction, hindrance, denial, prevention, refusal to provide and/or failure to provide medical care/treatment/attention to Plaintiffs and/or failure to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting, Defendant Johnson ordered, instructed, mandated and/or caused Defendant LINCOLN HANSON, SHIELD/TAX ID#13102 and/or Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER "JOHN" HENESEN a/k/a "HENSON" and "JOHN DOES" AND "JANE DOES" to hit, strike, assault, batter, slap, punch, kick, push, restrain, detain, forcibly restrain, forcibly detain and/or use excessive force against Plaintiff ANDRE POUNALL in response to and in retaliation for Plaintiff POUNALL'S request for medical care, medical attention, medical treatment and in furtherance of denying him such requested care after Plaintiff POUNALL had consumed the poisoned meatloaf in question and fell ill including, but not limited to suffering from chest pains, throwing up, stomach pains, diarrhea, migraines and other related ailments from such consumption of which the Defendants including Defendants Johnson, Hanson and/or Henesen a/k/a Henson were aware and/or had knowledge of.

116. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, in furtherance of Defendant Johnson's obstruction, hindrance, denial, prevention, refusal to provide and/or failure to provide medical care/treatment/attention to Plaintiffs and/or

failure to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting, including his ordering, instructing, mandating and/or causing Defendant LINCOLN HANSON, SHIELD/TAX ID#13102 and/or Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER "JOHN" HENESEN a/k/a "HENSON" and "JOHN DOES" AND "JANE DOES" to hit, strike, assault, batter, slap, punch, kick, push, restrain, detain, forcibly restrain, forcibly detain and/or use excessive force against Plaintiff ANDRE POUNALL in response to and in retaliation for Plaintiff POUNALL'S request for medical care, medical attention, medical treatment and in furtherance of denying him such requested care after Plaintiff POUNALL had consumed the poisoned meatloaf in question and fell ill including, but not limited to suffering from chest pains, throwing up, stomach pains, diarrhea, migraines and other related ailments from such consumption of which the Defendants including Defendants Johnson, Hanson and/or Henesen a/k/a Henson were aware and/or had knowledge of, Defendant Johnson brought, initiated, filed and/or caused to be brought/initiated/filed, internal Department of Corrections charges/infractions against Plaintiff ANDRE POUNALL for allegations including alleged assault of a corrections officer in an effort to cover up, mitigate, deny and/or receive no disciplinary action against him for the foregoing assault, battery and use of excessive force against Plaintiff POUNALL when Plaintiff POUNALL requested medical care, treatment and attention from same Defendant Johnson.

117.    That as a direct and proximate result of the foregoing actions by Defendant Johnson against Plaintiff POUNALL, Plaintiff ANDRE POUNALL was not only denied proper,

adequate and/or timely medical care, but was found guilty of the foregoing internal DOC charges against him and punished for same with, including, but not limited to, "box" time.

118.    That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER LINCOLN HANSON, SHIELD/TAX ID# 13102, (hereinafter "Defendant Hanson"), who denied, delayed, prevented, obstructed and/or failed to provide proper/adequate/timely medical aid/assistance/treatment/care to Plaintiffs, is an employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Dunbar, Jogie, Captain "Jane" Bowen and/or Captain Timothy Johnson.

119.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Hanson was assigned to and/or employed at/with the Defendants' AMKC facility and, as such, and as a New York City Department of Corrections Officer, was responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing are in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses.

120.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Hanson, being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Officer, and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs

are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty to protect the life, safety, health and well being of the Plaintiffs herein including but not limited to being under a duty to ensure that the Plaintiffs receive the proper, timely and adequate medical care, treatment and attention.

121.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Hanson, being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Officer, and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty not to obstruct, hinder, prevent, deny, refuse to provide and/or fail to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention and/or was otherwise under a duty not to place Plaintiffs' lives, safety and health in danger, not to act with reckless disregard for Plaintiffs' lives, safety and health and not to act with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury.

122.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, despite owing these duties to Plaintiffs, Defendant Hanson obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to

Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention.

123. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Hanson obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting.

124. That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Hanson, as the employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain "Jane" Bowen and/or Captain Timothy Johnson, acted and/or failed to act within the scope of her employment, under the color of state law and in concert with the other named Defendants herein.

125. That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Hanson, as the employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain "Jane" Bowen and/or Captain Timothy Johnson, is being sued herein Individually and in his Official capacity as employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain "Jane" Bowen and/or Captain Timothy Johnson.

126. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, in furtherance of Defendant Hanson's obstruction, hindrance, denial, prevention, refusal to provide and/or failure to provide medical care/treatment/attention to Plaintiffs and/or failure to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting, Defendant Hanson hit, struck, assaulted, battered, slapped, punched, kicked, pushed, restrained, detained, forcibly restrained, forcibly detained and/or used excessive force against Plaintiff ANDRE POUNALL in response to and in retaliation for Plaintiff POUNALL'S request for medical care, medical attention, medical treatment and in furtherance of denying him such requested care after Plaintiff POUNALL had consumed the poisoned meatloaf in question and fell ill including, but not limited to suffering from chest pains, throwing up, stomach pains, diarrhea, migraines and other related ailments from such consumption of which the Defendants including Defendants Johnson, Hanson and/or Henesen a/k/a Henson were aware and/or had knowledge of.

127. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, in furtherance of Defendant Hanson's obstruction, hindrance, denial, prevention, refusal to provide and/or failure to provide medical care/treatment/attention to Plaintiffs and/or failure to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting, including hitting, striking, assaulting, battering, slapping,

punching, kicking, pushing, restraining, detaining, forcibly restraining, forcibly detaining and/or using excessive force against Plaintiff ANDRE POUNALL in response to and in retaliation for Plaintiff POUNALL'S request for medical care, medical attention, medical treatment and in furtherance of denying him such requested care after Plaintiff POUNALL had consumed the poisoned meatloaf in question and fell ill including, but not limited to suffering from chest pains, throwing up, stomach pains, diarrhea, migraines and other related ailments from such consumption of which the Defendants including Defendants Johnson, Hanson and/or Henesen a/k/a Henson were aware and/or had knowledge of, Defendant Hanson brought, initiated, filed and/or caused to be brought/initiated/filed, internal Department of Corrections charges/infractions against Plaintiff ANDRE POUNALL for allegations including alleged assault of a corrections officer in an effort to cover up, mitigate, deny and/or receive no disciplinary action against him for the foregoing assault, battery and use of excessive force against Plaintiff POUNALL when Plaintiff POUNALL requested medical care, treatment and attention from same Defendant Hanson, Defendant Henesen and/or Defendant Johnson.

128.    That as a direct and proximate result of the foregoing actions by Defendant Hanson against Plaintiff POUNALL, Plaintiff ANDRE POUNALL was not only denied proper, adequate and/or timely medical care, but was found guilty of the foregoing internal DOC charges against him and punished for same with, including, but not limited to, "box" time.

129.    That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER "JOHN" HENESEN, a/k/a "HENSEN", first name being fictitious and known to the New York City Department of Corrections/Rikers Island/AMKC intended to be the New York City Department of Corrections Officer for Plaintiffs' housing area/AMKC/AMKC Medical Clinic/Facility (hereinafter "Defendant Henesen"), who denied, delayed, prevented, obstructed

and/or failed to provide proper/adequate/timely medical aid/assistance/treatment/care to Plaintiffs, is an employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Dunbar, Jogie, Captain "Jane" Bowen and/or Captain Timothy Johnson.

130.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Henesen was assigned to and/or employed at/with the Defendants' AMKC facility and, as such, and as a New York City Department of Corrections Officer, was responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing are in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses.

131.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Henesen, being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Officer, and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty to protect the life, safety, health and well being of the Plaintiffs herein including but not limited to being under a duty to

ensure that the Plaintiffs receive the proper, timely and adequate medical care, treatment and attention.

132.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Henesen, being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Officer, and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty not to obstruct, hinder, prevent, deny, refuse to provide and/or fail to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention and/or was otherwise under a duty not to place Plaintiffs' lives, safety and health in danger, not to act with reckless disregard for Plaintiffs' lives, safety and health and not to act with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury.

133.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, despite owing these duties to Plaintiffs, Defendant Henesen obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention.

134.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Henesen obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide

Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting.

135.    That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Henesen, as the employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain "Jane" Bowen and/or Captain Timothy Johnson, acted and/or failed to act within the scope of her employment, under the color of state law and in concert with the other named Defendants herein.

136.    That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Henesen, as the employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain "Jane" Bowen and/or Captain Timothy Johnson, is being sued herein Individually and in his Official capacity as employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain "Jane" Bowen and/or Captain Timothy Johnson.

137.    That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, in furtherance of Defendant Henesen's obstruction, hindrance, denial, prevention, refusal to provide and/or failure to provide medical care/treatment/attention to Plaintiffs and/or failure to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that

contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting, Defendant Henesen hit, struck, assaulted, battered, slapped, punched, kicked, pushed, restrained, detained, forcibly restrained, forcibly detained and/or used excessive force against Plaintiff ANDRE POUNALL in response to and in retaliation for Plaintiff POUNALL'S request for medical care, medical attention, medical treatment and in furtherance of denying him such requested care after Plaintiff POUNALL had consumed the poisoned meatloaf in question and fell ill including, but not limited to suffering from chest pains, throwing up, stomach pains, diarrhea, migraines and other related ailments from such consumption of which the Defendants including Defendants Johnson, Hanson and/or Henesen a/k/a Henson were aware and/or had knowledge of.

138.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, in furtherance of Defendant Henesen's obstruction, hindrance, denial, prevention, refusal to provide and/or failure to provide medical care/treatment/attention to Plaintiffs and/or failure to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting, including hitting, striking, assaulting, battering, slapping, punching, kicking, pushing, restraining, detaining, forcibly restraining, forcibly detaining and/or using excessive force against Plaintiff ANDRE POUNALL in response to and in retaliation for Plaintiff POUNALL'S request for medical care, medical attention, medical treatment and in furtherance of denying him such requested care after Plaintiff POUNALL had consumed the poisoned meatloaf in question and fell ill including, but not limited to suffering from chest pains,

throwing up, stomach pains, diarrhea, migraines and other related ailments from such consumption of which the Defendants including Defendants Johnson, Hanson and/or Henesen were aware and/or had knowledge of, Defendant Henesen brought, initiated, filed and/or caused to be brought/initiated/filed, internal Department of Corrections charges/infractions against Plaintiff ANDRE POUNALL for allegations including alleged assault of a corrections officer in an effort to cover up, mitigate, deny and/or receive no disciplinary action against him for the foregoing assault, battery and use of excessive force against Plaintiff POUNALL when Plaintiff POUNALL requested medical care, treatment and attention from same Defendant Henesen, Defendant Hanson and/or Defendant Johnson.

139. That as a direct and proximate result of the foregoing actions by Defendant Henesen against Plaintiff POUNALL, Plaintiff ANDRE POUNALL was not only denied proper, adequate and/or timely medical care, but was found guilty of the foregoing internal DOC charges against him and punished for same with, including, but not limited to, "box" time.

140. That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER "JANE" WILSON, first name being fictitious and known to the New York City Department of Corrections/Rikers Island/AMKC intended to be the New York City Department of Corrections Officer for Plaintiffs' housing area/AMKC/AMKC Medical Clinic/Facility (hereinafter "Defendant Wilson"), who denied, delayed, prevented, obstructed and/or failed to provide proper/adequate/timely medical aid/assistance/treatment/care to Plaintiffs, is an employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Dunbar, Jogie, Captain "Jane" Bowen and/or Captain Timothy Johnson.

141.   That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Wilson was assigned to and/or employed at/with the Defendants' AMKC facility and, as such, and as a New York City Department of Corrections Officer, was responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing are in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses.

142.   That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Wilson, being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Officer, and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty to protect the life, safety, health and well being of the Plaintiffs herein including but not limited to being under a duty to ensure that the Plaintiffs receive the proper, timely and adequate medical care, treatment and attention.

143.   That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Wilson, being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Officer, and being responsible

for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty not to obstruct, hinder, prevent, deny, refuse to provide and/or fail to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention and/or was otherwise under a duty not to place Plaintiffs' lives, safety and health in danger, not to act with reckless disregard for Plaintiffs' lives, safety and health and not to act with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury.

144. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, despite owing these duties to Plaintiffs, Defendant Wilson obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention.

145. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant Wilson obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting.

146. That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Wilson, as the employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain "Jane" Bowen and/or Captain Timothy Johnson, acted and/or failed to act within the scope of her employment, under the color of state law and in concert with the other named Defendants herein.

147. That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant Wilson, as the employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain "Jane" Bowen and/or Captain Timothy Johnson, is being sued herein Individually and in her Official capacity as employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain "Jane" Bowen and/or Captain Timothy Johnson.

148. That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICERS "JOHN DOES" and "JANE DOES", names being fictitious intended to be New York City Department of Corrections Officer for Plaintiffs' housing area/AMKC/AMKC Medical Clinic/Facility, who denied, delayed, prevented, obstructed and/or failed to provide proper/adequate/timely medical aid/assistance/treatment/care to Plaintiffs, is an employee, agent, servant, licensee, contractor, independent contractor, officer, corrections officer, Captain for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Dunbar, Jogie, Captain "Jane" Bowen and/or Captain Timothy Johnson.

149.   That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendants "JOHN DOES" and "JANE DOES" were assigned to and/or employed at/with the Defendants' AMKC facility and, as such, and as a New York City Department of Corrections Officer, was responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing are in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses.

150.   That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendants "JOHN DOES" and "JANE DOES, being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Officer, and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty to protect the life, safety, health and well being of the Plaintiffs herein including but not limited to being under a duty to ensure that the Plaintiffs receive the proper, timely and adequate medical care, treatment and attention.

151.   That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendants "JOHN DOES" and "JANE DOES", being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Officer,

and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC including Defendant Thomas and the other individually named Defendants herein and of the AMKC Medical Clinic and said medical clinic's staff/personnel/employees/doctors/nurses, was under a duty not to obstruct, hinder, prevent, deny, refuse to provide and/or fail to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention and/or was otherwise under a duty not to place Plaintiffs' lives, safety and health in danger, not to act with reckless disregard for Plaintiffs' lives, safety and health and not to act with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury.

152. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, despite owing these duties to Plaintiffs, Defendants "JOHN DOES" and "JANE DOES" obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention.

153. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendants "JOHN DOES" and "JANE DOES" obstructed, hindered, prevented, denied, refused to provide and/or failed to provide medical care/treatment/attention to Plaintiffs and/or failed to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting.

154. That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendants "JOHN DOES" and "JANE DOES", as the employees, agents, servants, licensees, contractors, independent contractors, officers, corrections officers for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain "Jane" BOWEN and/or Captain Timothy Johnson, acted and/or failed to act within the scope of her employment, under the color of state law and in concert with the other named Defendants herein.

155. That on or about March 3, 2015, and continuing, and at all relevant times herein mentioned, Defendants "JOHN DOES" and "JANE DOES", as the employees, agents, servants, licensees, contractors, independent contractors, officers, corrections officers for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain "Jane" Bowen and/or Captain Timothy Johnson, is being sued herein Individually and in their Official capacities as employees, agents, servants, licensees, contractors, independent contractors, officers, corrections officers for/of Defendants the City, DOC, Rikers, AMKC, Ponte, Feeney, Assistant Deputy Warden Sherma Dunbar, Captain "Jane" Bowen and/or Captain Timothy Johnson.

156. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, in furtherance of Defendants "JOHN DOES" and "JANE DOES" obstruction, hindrance, denial, prevention, refusal to provide and/or failure to provide medical care/treatment/attention to Plaintiffs and/or failure to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting, Defendants

"JOHN DOES" and "JANE DOES" hit, struck, assaulted, battered, slapped, punched, kicked, pushed, restrained, detained, forcibly restrained, forcibly detained and/or used excessive force against Plaintiff ANDRE POUNALL in response to and in retaliation for Plaintiff POUNALL'S request for medical care, medical attention, medical treatment and in furtherance of denying him such requested care after Plaintiff POUNALL had consumed the poisoned meatloaf in question and fell ill including, but not limited to suffering from chest pains, throwing up, stomach pains, diarrhea, migraines and other related ailments from such consumption of which the Defendants including Defendants Johnson, Hanson, Henesen a/k/a Henson and/or "John Does" and/or "Jane Does" were aware and/or had knowledge of.

157.     That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, in furtherance of Defendants "JOHN DOES" and "JANE DOES" obstruction, hindrance, denial, prevention, refusal to provide and/or failure to provide medical care/treatment/attention to Plaintiffs and/or failure to provide Plaintiffs access to such medical care, treatment and/or attention despite knowing that Plaintiffs became seriously ill after consuming the aforementioned lunch that contained green/blue/greenish-blue pellets and despite knowing that some of the Plaintiffs herein were suffering from injuries/ailments/conditions including, but not limited to: vomiting, vomiting blood, diarrhea and fainting, including hitting, striking, assaulting, battering, slapping, punching, kicking, pushing, restraining, detaining, forcibly restraining, forcibly detaining and/or using excessive force against Plaintiff ANDRE POUNALL in response to and in retaliation for Plaintiff POUNALL'S request for medical care, medical attention, medical treatment and in furtherance of denying him such requested care after Plaintiff POUNALL had consumed the poisoned meatloaf in question and fell ill including, but not limited to suffering from chest pains, throwing up, stomach pains, diarrhea, migraines and other related ailments from such consumption of which the Defendants including Defendants

Johnson, Hanson, Henesen and/or "John Does" and/or "Jane Does" were aware and/or had knowledge of, Defendants "JOHN DOES" and "JANE DOES" brought, initiated, filed and/or caused to be brought/initiated/filed, internal Department of Corrections charges/infractions against Plaintiff ANDRE POUNALL for allegations including alleged assault of a corrections officer in an effort to cover up, mitigate, deny and/or receive no disciplinary action against him for the foregoing assault, battery and use of excessive force against Plaintiff POUNALL when Plaintiff POUNALL requested medical care, treatment and attention from same Defendants Johnson, Hanson, Henesen a/k/a Henson and/or "John Does" and/or "Jane Does".

158. That as a direct and proximate result of the foregoing actions by Defendants "JOHN DOES" and "JANE DOES" against Plaintiff POUNALL, Plaintiff ANDRE POUNALL was not only denied proper, adequate and/or timely medical care, but was found guilty of the foregoing internal DOC charges against him and punished for same with, including, but not limited to, "box" time.

159. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendants Corrections Officers "John Does" and "Jane Does" are agents, licensees, servants and/or employees of the Defendants the City of New York, the New York City Department of Health, the New York City Department of Corrections, Rikers Island, AMKC, AMKC Medical Facility and/or West Medical Facility.

160. That on March 3, 2015 and continuing and at all relevant times herein mentioned, the Defendants were negligent, grossly negligent, intentional, reckless, wanton, careless, malicious and/or acted with reckless disregard for and/or deliberate indifference to the lives, safety, health, well being of Plaintiffs by providing and feeding them contaminated food with rat poison and then, after the Plaintiffs became seriously ill, by failing to provide Plaintiffs with proper, adequate and/or timely medical care and/or failing to provide Plaintiffs' medical care

including, but not limited to: denying Plaintiffs' medical care; failing to test Plaintiffs' blood or urine to detect the contaminant in their system; ignoring the symptoms/ailments/conditions exhibited by Plaintiffs including, but not limited to: diarrhea, fainting, vomiting, vomiting blood, diarrhea with blood, nosebleeds; sending Plaintiffs' back to their cells without medical care, without timely medical care and/or without proper or adequate medical care; failing to send Plaintiffs to an outside hospital to be tested and treated; failing to test or treat for poison and/or contaminant consumption.

161. In addition to the facts alleged in the foregoing paragraphs and following paragraphs, the individually named defendants herein in the following subparagraphs are all sued in their individual and official capacities; all acted under color of law and within the scope of their employment, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York:

a. Defendant, New York City Department of Corrections Officer Francis Thomas, Shield/Tax ID#15943, was, at all relevant times, a Corrections Officer of/in the New York City Department of Corrections;

b. Defendant, New York City Department of Corrections Captain Ricky Jogie, Shield/Tax ID#817, was, at all relevant times, a Captain of/in the New York City Department of Corrections;

c. Defendant, New York City Department of Corrections Assistant Deputy Warden Sherma Dunbar, Shield/Tax ID#1041, was, at all relevant times, an Assistant Deputy Warden of/in the New York City Department of Corrections;

d. Defendant, New York City Department of Corrections Officer "John" Campbell, was, at all relevant times, a Corrections Officer of/in the New York City Department of Corrections;

e.  Defendant, New York City Department of Corrections Captain "Jane" Bowen, was, at all relevant times, a Captain of/in the New York City Department of Corrections;

f.  Defendant, New York City Department of Corrections Captain Timothy Johnson, Shield/Tax ID #1065, was, at all relevant times, a Captain of/in the New York City Department of Corrections;

g.  Defendant, New York City Department of Corrections Officer "Jane" Wilson was, at all relevant times, a Corrections Officer of/in the New York City Department of Corrections;

h.  Defendant, New York City Department of Corrections Officer Lincoln Hanson, Shield/Tax ID #13102, was, at all relevant times, a Corrections Officer of/in the New York City Department of Corrections;

i.  Defendant, New York City Department of Corrections Officer "John" Henesen a/k/a Hensen, was, at all relevant times, a Corrections Officer of/in the New York City Department of Corrections;

j.  Defendant, Doctor Yungdo Park, was, at all relevant times, a Doctor for/in the New York City Department of Corrections and/or the New York City Department of Health;

k.  Defendant, Doctor Joon B. Park, was, at all relevant times, a Doctor for/in the New York City Department of Corrections and/or the New York City Department of Health;

l.  Defendant, New York City Department of Corrections Commissioner Joseph Ponte was, at all relevant times, the Commissioner of the New York City Department of Corrections;

m. Defendant, New York City Department of Corrections Assistant Commissioner Patricia Feeney, was, at all relevant times, an Assistant Commissioner of the New York City Department of Corrections.

n. Defendants, "John Does" and "Jane Does", same names being fictitious and intended to be corrections officers, medical staff, medical personnel, doctors, nurses, employees, agents, licensees, contractors, independent contractors and/or servants of the Defendants were, at all relevant times, employees, agents, servants, licensees, contractors and/or independent contractors of/for the New York City Department of Corrections.

162. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, Defendant, the City of New York, owned, managed, controlled, maintained, operated, governed, employed and/or supervised Defendants the New York City Department of Health, the New York City Department of Corrections, Rikers Island, AMKC, AMKC Medical Clinic, West Facility Medical Clinic, Doctor Yungdo Park, Doctor Joon B. Park, Commissioner Ponte, Assistant Commissioner Feeney, as well as the individual Defendant Officers Thomas, Jogie, Dunbar, Campbell, Bowen, Johnson, Hanson, Henesen a/k/a Hensen, Wilson and "John Does" and "Jane Does".

163. That on March 3, 2015 and continuing and at all relevant times herein mentioned, the Defendants were all acting in concert with one another, acting within the scope of their employment and acting under the color of law.

164. That the actions, conduct, failures and/or omissions of all individual Defendants were performed under color of law and within the scope of their employment and authority, and for those acts the Defendants the City of New York, the New York City Department of

Corrections, Rikers Island, AMKC, AMKC Medical Facility, West Medical Facility and/or the New York City Department of Health are liable under the doctrine of *respondeat superior*.

165. The actions of all individual Defendants herein were intentional, deliberate, malicious, negligent, reckless, grossly negligent, careless and/or wanton.

166. The actions of all of the Defendants violated Plaintiffs' clearly established rights under the Eighth and Fourteenth Amendments of the Constitution of the United States of America, are in violation of the Constitution and the laws of the State of New York and were the direct and proximate cause of the physical and/or psychological injuries suffered by the Plaintiffs herein.

## FACTUAL AND GENERAL ALLEGATIONS

167. That Plaintiffs repeat, re-allege and reiterate each and every allegation and fact contained in paragraphs of the Complaint numbered "1" to "166" with the same force and effect as if more fully set forth herein.

168. That on or about March 3, 2015 and continuing, and at all relevant times herein mentioned, while Plaintiffs were incarcerated in/with the New York City Department of Corrections, Rikers Island Correctional Facility at/in the Anna M. Kross Center (AMKC), and while Plaintiffs were in the exclusive care, custody and control of the New York City Department of Corrections, of Rikers Island Correctional Facility, of the Anna M. Kross Center (AMKC) and their Corrections Officers including the individually named Corrections Officers herein, the Plaintiffs' food/lunch consisting of including, but not limited to: meatloaf, vegetables, cabbage and juice, which was ordered, received, prepared, made, plated, cooked, distributed, fed and handed out by Defendants, and/or their agents, servants, employees, officers, correction officers, licensees, contractors and/or independent contractors, to Plaintiffs for Plaintiffs to consume on March 3, 2015 which Plaintiffs did in fact consume and ingest on same date,